**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NATALIA MAZZUCHELLI,

Plaintiff,

v.

IMMUTABLE PTY. LTD and LIGHTSOURCE GLOBAL,

Defendants.

Case No. 23-cv-07885-NSR

---

**DEFENDANT LIGHTSOURCE GLOBAL'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

---

David B. Lichtenberg, Esq.
**FISHER & PHILLIPS LLP**
430 Mountain Avenue, Suite 303
Murray Hill, NJ 07974
Phone: (908) 516-1050
Fax: (908) 516-1051

The New York Times Building
620 Eighth Avenue | Suite 3650
New York, NY 10018
Phone: (212) 899-9960
Fax: (212) 956-1971
E-Mail: dlichtenberg@fisherphillips.com

*Attorneys for Defendant Lightsource Global*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......... iii

I. PRELIMINARY STATEMENT .......... 1

II. LEGAL ARGUMENT .......... 3

A. Group Pleading Cannot Be Used To Allege An Employment Relationship .......... 3

B. The Opposition Confirms That The Claims Against Lightsource Should Be Dismissed .......... 4

III. CONCLUSION .......... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ausco Prod., Inc. v. Axle, Inc.*,
2020 WL 7028521 (W.D.N.Y. Nov. 30, 2020) ....................3

*Chen v. Hunan Manor Enterprise, Inc.*,
No. 17 Civ. 802, 2018 WL 1166626 (S.D.N.Y. Feb. 15, 2018) ....................4

*Conde v. Sisley Cosmetics USA, Inc.*,
2012 WL 1883508 (S.D.N.Y. May 23, 2012) ....................8

*Fallon v. 18 Greenwich Ave., LLC*,
No. 19-cv-9579, 2021 WL 1105066 (S.D.N.Y. Mar. 23, 2021)....................3, 7

*Farmer v. Shake Shack Enters., LLC*,
473 F. Supp. 3d 309 (S.D.N.Y. 2020)....................5

*Felder v. U.S. Tennis Ass'n*,
27 F.4th 834 (2d Cir. 2022) ....................1, 2, 5, 6, 8

*Gonzalez v. City of N.Y.*,
2015 WL 9450599 (E.D.N.Y. Dec. 22, 2015) ....................7, 8

*Kearney v. Kessler Family LLC*,
2011 WL 2693892 (W.D.N.Y. July 11, 2011)....................8

*MacIntyre v. Moore*,
267 F. Supp. 3d 480 (W.D.N.Y. 2017) ....................7

*Musiello v. CBS Corp.*,
518 F. Supp. 3d 782 (S.D.N.Y. 2021)....................3, 4

*Serrata v. Givens*,
2019 WL 1597297 (E.D.N.Y. Apr. 15, 2019) ....................3

*Stewart v. Hudson Hall LLC*,
2020 WL 8732875 (S.D.N.Y. Oct. 19, 2020) ....................3

*Twombly*. *Ruiz v. New Avon LLC*,
18 Civ. 9033 (VSB), 2019 WL 4601847 (S.D.N.Y. Sep. 22, 2019 ....................6

**Statutes**

California Fair Employment & Housing Act, Cal. Gov. Code §12940 et seq....................1, 4, 5, 6, 9

Civil Rights Act of 1964 Title VII, 42 U.S.C. §2000e et seq. ....................1, 4, 5, 9

FLSA....................4

State Human Rights Law, N.Y ....................1

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ....................1, 3

Defendant Lightsource Global ("Lightsource") respectfully submits this Reply Memorandum of Law in further support of its motion to dismiss all claims asserted against it in the Amended Complaint filed by Plaintiff Natalia Mazzuchelli ("Plaintiff" or "Mazzuchelli") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I. PRELIMINARY STATEMENT

By way of review, the Amended Complaint (*Doc.38*) attempts to state claims against Lightsource and one other Defendant, Immutable Pty. LTD ("Immutable") under (1) the New York State Human Rights Law, N.Y. Exec. Law §290 et seq. ("NYSHRL"); (2) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. ("Title VII"); and (3) the California Fair Employment & Housing Act, Cal. Gov. Code §12940 et seq. ("FEHA"). To maintain such claims against Lightsource, the Amended Complaint must contain specific, factual, non-conclusory allegations showing that Lightsource was Mazzuchelli's "employer," as that term has been defined in the case law under each of the statutes she has sought relief under.

As the opposition confirms, the Amended Complaint alleges only that Lightsource, an "employer service company," signed a contract pursuant to which Mazzuchelli was hired as the Director of Partner Success, not for Lightsource but for Immutable, and that under her employment with Immutable, she was also required to notify Lightsource about any time off. The only other allegation about Lightsource is that it forwarded an "Employee Separation Form" to Mazzuchelli after Immutable terminated her employment.

This is insufficient to demonstrate the existence of an employee-employer relationship, as confirmed by the opposition's reliance on the Second Circuit's decision in *Felder v. U.S. Tennis*

*Ass'n*, 27 F.4th 834 (2d Cir. 2022),[1] as governing the precise issue of whether Lightsource may be considered Mazzuchelli's "employer." (*Pl.'s Mem at 7.*) *Felder* formally adopted the non-exhaustive factors drawn from the common law of agency, previously identified in Lightsource's Opening Memorandum, to determine the existence of a "joint employer" relationship, the "crux of" which "is the element of control" broadly examined by whether the putative employer "paid [the employees'] salaries, hired and fired them, and had control over the daily activities." *Id.* at 843. In short, *Felder* makes clear that an employment relationship can only exist "where two or more entities, according to common law principles, share ***significant control*** of the same employee." *Id.*

Here, the opposition confirms the complete absence of allegations in the Amended Complaint demonstrating that Lightsource exercised any control, let alone "***significant control***," over Plaintiff or any other Immutable employee. Rather, Plaintiff acknowledges that the Amended Complaint does not establish any form of employment relationship between herself and Lightsource, and instead relies on the fact that the Amended Complaint refers to Lightsource and Immutable collectively as "Defendants." She argues that this type of group pleading is acceptable in discrimination and retaliation cases, but this misreads the case law. To be clear, group pleading is only permitted for substantive claims if the allegations in the complaint show that each defendant individually qualifies as the plaintiff's employer. Group pleading cannot be used to establish an employment relationship with Lightsource, as Plaintiff has attempted to do here.

---

[1] Neither the Amended Complaint nor the opposition is a model of clarity, but in any event, Plaintiff has failed to plead (1) the existence of an employer-employee relationship with Lighsource; (2) that Lightsource and Immutable constitute a "single employer"; or (3) that Lightsource and Immutable are "joint employers."

In sum, the opposition only confirms that the Amended Complaint does not include any facts demonstrating that Lightsource was involved in Plaintiff's daily work activities or shared control over her employment with Immutable. As a result, Plaintiff has failed to state a claim against Lightsource upon which relief can be granted. The Court should, therefore, dismiss the Amended Complaint against Lightsource with prejudice under Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL ARGUMENT

### A. Group Pleading Cannot Be Used To Allege An Employment Relationship.

Relying on *Ausco Prod., Inc. v. Axle, Inc.*, 2020 WL 7028521 (W.D.N.Y. Nov. 30, 2020), which involved claims for patent infringement, and *Serrata v. Givens*, 2019 WL 1597297 (E.D.N.Y. Apr. 15, 2019), an unlawful stop and search case, Mazzuchelli claims that it is not improper to assert "identical claims of discrimination and retaliation" against both Lightsource and Immutable. (*Pl.'s Mem at 9-11.*) While this is true as a general matter, Mazzuchelli's position ignores, as has been repeatedly emphasized, that group pleading is not permitted for "allegations concerning whether particular defendants constitute 'employers.'" *Fallon v. 18 Greenwich Ave., LLC*, No. 19-cv-9579, 2021 WL 1105066, at *3 (S.D.N.Y. Mar. 23, 2021); *see also Stewart v. Hudson Hall LLC*, 2020 WL 8732875, at *8 (S.D.N.Y. Oct. 19, 2020). In other words, a plaintiff cannot include all the defendants in her complaint's substantive allegations (of discrimination and retaliation) without first demonstrating that each individual qualified as her "employer."

For example, in *Musiello v. CBS Corp.*, 518 F. Supp. 3d 782, 790 (S.D.N.Y. 2021), a case involving claims under the NYSHRL, the court rejected the plaintiff's attempt to lump together defendant CBS Sports Radio Network ("CBS Radio"), for whom she worked, and defendant CBS Corp., and granted CBS Corp.'s Rule 12(b)(6) motion:

> [I]n attempting to allege that CBS Corp. and its former subsidiary CBS Radio were a single employer, the [First Amended Complaint] tries to meld the two together, by using the term "CBS" throughout the complaint to refer to the two together, including in relation to acts specifically alleged against CBS Radio only. But this lumping of the two entities together, without tying allegations bearing on control over employees to CBS Corp., does not satisfy Musiello's burden to set forth specific facts as to how CBS Corporation actually exercised control over CBS Radio's employees – and Musiello in particular.

*Id.* at 790. Similarly, in *Chen v. Hunan Manor Enterprise, Inc.*, No. 17 Civ. 802, 2018 WL 1166626 (S.D.N.Y. Feb. 15, 2018), a decision under the FLSA, which like the NYSHRL, Title VII, and the FEHA, requires complaints to contain allegations showing each defendant individually qualifies as the plaintiff's employer, the "Moving Defendants" moved to dismiss the complaint because the plaintiffs failed to allege sufficiently that the defendants employed them. *Id.* at *1. The court granted the motion, explaining, "Plaintiffs' attempt to simply lump all [the] Defendants together … without any accompanying facts to support the inference that Moving Defendants had the power to control the Plaintiffs – is insufficient to satisfy the *Twombly/Iqbal* pleading standard." *Id.* at *9.

**B. The Opposition Confirms That The Claims Against Lightsource Should Be Dismissed.**

Though she avoids highlighting this fact by including multiple pages of irrelevant briefing, Plaintiff ultimately acknowledges that the only allegations she makes regarding Lightsource are related to (1) Lightsource being a signatory to a contract, as an "***employer service company***," pursuant to which Plaintiff was hired as Immutable's Director of Partner Success, requiring her to also notify Lightsource about any time off; and (2) Lightsource having issued her an "Employee Separation Form" after Immutable terminated her employment. (*Compare Lightsource Mem., at 5-7 with Pl.'s Mem., at 1-2, 6.*)

The opposition confirms that the remainder of the Amended Complaint simply lumps Lightsource and Immutable together by referring to them collectively as "Defendants." (*Pl.'s Mem., at 2-6, 9-11.*) However, as discussed above, these group allegations may not be considered when determining whether Lightsource qualifies as one of Mazzuchelli's "employers." Rather, only the two *specific* allegations set forth above are relevant. And, as Lightsource showed in its Opening Memorandum, those allegations fail to establish the requisite control required under the governing standard applicable to claims under the NYSHRL, Title VII, and the FEHA. (*See Lightsource Mem., at 8-9.*).

Attempting to overcome the incurable failure of her claims against Lightsource, Mazzuchelli cites *Felder v. United States Tennis Association*, 27 F.4th 834 (2d. Cir. 2022), for the proposition that "'it must only be plausible and not merely speculative' that the defendant is, in fact, an employer." (*Pl.'s Mem., at 7.*) But *Felder* demonstrates that Mazzuchelli has failed to plead that she had any employment relationship with Lightsource under any applicable standard.

More specifically, in *Felder* the Second Circuit adopted the "test for what renders an entity a 'joint employer'" in employment discrimination cases, concluding that "non-exhaustive factors drawn from the common law of agency, including control over an employee's hiring, firing, training, promotion, discipline, supervision, and handling of records, insurance, and payroll, are relevant to this inquiry." *Id.* at 838.[2]

---

[2] While the joint employer test is often applied when evaluating Title VII discrimination claims, as set forth in Lightsource's Opening Memorandum it applies equally to the NYSHRL. *Lightsource Mem. at 8-9*; *see also Farmer v. Shake Shack Enters., LLC*, 473 F. Supp. 3d 309, 321 (S.D.N.Y. 2020) (explaining that courts apply the same test to determine joint employer status under Title VII and the NYSHRL).

As with each of the standards previously identified as applicable to the claims asserted in this matter, the lynchpin of the joint-employer test is "the element of control."[3] *Id.* (*citing Gulino v. N.Y.S. Educ. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006)). A joint employer relationship exists "when two or more entities, according to common law principles, share ***significant control*** of the same employees." *Id.* **(*emphasis added*)**. "This means that an entity other than the employee's formal employer ***has the power to*** pay an employee's salary, hire, fire, ***or otherwise control the employee's daily employment activities***, such that we may properly conclude that a constructive employer-employee relationship exists." *Id.* at 844 **(*emphasis added*)**. Equally important is that "all of the incidents of the relationship must be assessed and weighed with no one factor being decisive." *Id.*

Here, all the opposition does is make conclusory assertions that "Lightsource hired Mazzuchelli, outlined her job responsibilities, administered her work schedule, and had a role in her dismissal." (*Pl.'s Mem., at 9, citing Amd. Cmpl. at* ¶¶*20-22, 65, 70-71*). Putting aside that the portions of the Amended Complaint upon which these assertions are based do not support that Lightsource did any such things (*see Amd. Cmpl. at* ¶¶*20-22, 65, 70-71*), such allegations consist of nothing more than "conclusory ipse dixit assertions [of an employment relationship]" that are tantamount to a "recitation of a legal standard" and insufficient to satisfy the pleading standards of *Twombly*. *Ruiz v. New Avon LLC*, 18 Civ. 9033 (VSB), 2019 WL 4601847, at *12 (S.D.N.Y. Sep. 22, 2019) (dismissing Title VII claims premised on single-employer theory where the plaintiff had made "no mention at all" of the relevant facts "before proceeding to refer to Avon Products

---

[3] The opposition wholly ignores, as set forth in Lightsources's Opening Memorandum, that under the FEHA, the standard requires "a comprehensive and immediate level of 'day-to-day' authority" over matters such as hiring, firing, direction, supervision, and discipline of the employee. *Id. at p. 9* (*citing e.g.*, *Patterson v. Domino's Pizza, LLC*, 60 Cal. 4th 474, 499, 333 P.3d 723, 740 (2014)).

and New Avon collectively as 'Avon' for the remainder of the Complaint); *see also, e.g., Gonzalez v. City of N.Y.*, 2015 WL 9450599, at *3 (E.D.N.Y. Dec. 22, 2015) (dismissal for failure to plead joint employer status); *Fallon*, 2021 WL 1105066, at *4 (repeating "identical, boilerplate allegations concerning each individual Defendant" that he or she "determines the wages and compensation of the employees ..., including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees" fails to "provide the specific factual allegations necessary to satisfy the economic reality test") (citing multiple similar cases).

To be clear, the fact that Lightsource, an "***employer services company***," is a signatory to the contract offering Mazzuchelli employment as Immutable's Director of Partner Success is irrelevant in the absence of any *factual* allegations demonstrating that Lightsource had the power to or exercised control over Immutable's decision to hire her for the position. Likewise irrelevant is the mere fact that Lightsource, again an ***"employer service company***," issued Mazzuchelli an "Employment Separation Form" on Immutable's behalf after she was terminated from her employment with Immutable. Again, this fact, without more, has no bearing on the key issue in the overall analysis – whether Lightsource had "***significant control***" over Immutable's employment termination decision. *MacIntyre v. Moore*, 267 F. Supp. 3d 480, 484 (W.D.N.Y. 2017) (plaintiffs' allegation that the defendant fired them fails to state a claim in the absence of factual allegations that the defendant "supervised or controlled their work schedules or conditions of employment, determined their pay, or maintained any employment records").

Further, even if the Amended Complaint alleged that Lightsource and Immutable shared control over hiring and firing decisions, which it does not, this would still be insufficient in the absence of additionally alleging that Lightsource, jointly with Immutable, exercised immediate or

significant control over the conditions of Mazzuchelli's employment. *Felder,* 27 F.4th at 844. Critically, none of the other factors identified in *Felder* as relevant to a "control analysis" – whether Lightsource had the authority to train, promote, discipline, or supervise Immutable's employees, or that it shared the maintenance of records, insurance, or payroll with Immutable – appear in the Amended Complaint. (*See Lightsource Mem., at 10; see also Amd. Cmpl., passim.*). Indeed, as outlined in Lightsource's Opening Memorandum, at the most basic level, Mazzuchelli does not even attempt to allege that she expended any time working for Lightsource's benefit. (*Id.*). On the contrary, Plaintiff's opposition highlights the facts that (1) she was offered "the opportunity to join Immutable as its Director of Partner Success" and (2) that all of her job duties and responsibilities pertain to work specifically for Immutable. (*Pl.'s Mem., at 1-2, citing Amd. Cmpl. at* ¶¶*18, 21*).

Lightsource's Opening Memorandum also emphasized that the only individuals mentioned in the Amended Complaint as having supervised, directed, or interacted with Mazzuchelli during her time as Immutable's Director of Partner Success were all employed by Immutable – a point which the opposition also does not dispute. (*See Lightsource Mem. at 10, citing Am. Cmpl. at* ¶¶*1-4, 24-68*).

In sum, "[a]bsent further allegations that [Lightsource] ... significantly controlled the manner and means of [Plaintiff's] work ... the complaint does not cross the line from speculative to plausible on the essential requirement of an employment relationship." *Felder*, 27 F.4th at 847; *Gonzalez*, 2015 WL 9450599, at *3; *Conde v. Sisley Cosmetics USA, Inc.*, 2012 WL 1883508, at *3 (S.D.N.Y. May 23, 2012) (dismissing claim where plaintiff failed to allege more than a "basic level of oversight" by the defendant); *Kearney v. Kessler Family LLC*, 2011 WL 2693892, at *5 (W.D.N.Y. July 11, 2011) (insufficient allegations as to "commonality of hiring, firing, discipline,

pay, insurance, records, or supervision”). Indeed, irrespective of the standard applied, Mazzuchelli has failed to plead (1) the existence of an employer-employee relationship with Lighsource, or (2) that Lightsource and Immutable constitute a “single employer,” or (3) that Lightsource and Immutable are “joint employers” – at least one of which is a prerequisite to state a claim under the NYSHRL, Title VII and the FEHA.

## III. CONCLUSION

For the foregoing reasons, Defendant Lightsource Global respectfully requests that this Court dismiss the claims asserted against it in the Amended Complaint with prejudice.

Dated: July 9, 2024.

Respectfully submitted,
FISHER & PHILLIPS LLP
Attorneys for Defendant

By: *s/David B. Lichtenberg*
DAVID B. LICHTENBERG
For Fisher & Phillips LLP