UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATALIA MAZZUCHELLI,<br><br>     Plaintiff,<br><br> -v-<br><br>IMMUTABLE PTY. LTD and LIGHTSOURCE GLOBAL,<br><br>     Defendants. | Civil Action No. 7:23-cv-07885 (NSR)<br><br>**ANSWER TO SECOND AMENDED COMPLAINT** |

Defendant Immutable Pty. Ltd. ("Defendant" or "Immutable"), by and through its attorneys, Littler Mendelson, P.C., answers the Second Amended Complaint filed by Plaintiff Natalia Mazzuchelli ("Plaintiff" or "Mazzuchelli") on December 20, 2024 (ECF No. 53) (the "Second Amended Complaint"), as follows:

### DEFENDANT IMMUTABLE'S RESPONSE TO PLAINTIFF'S PRELIMINARY STATEMENT

Defendant objects to Plaintiff's preliminary statement as it is argumentative, salacious, and improper under Rule 8 of the Federal Rules of Civil Procedure. In response to Plaintiff's inappropriate use of her pleading, Defendant wholly denies Plaintiff was subject to any harassment, sexual or other, or any discrimination or retaliation during her employment for Immutable.  Defendant further specifically denies that Shirley Anderson ("Anderson") engaged in any harassing, sexually inappropriate or sexually suggestive behavior, and given the egregious nature of the allegations in the Second Amended Complaint, Defendant provides several pieces of dispositive proof in this Answer that the behavior Anderson is alleged to have engaged in could not have occurred as represented by Plaintiff in the Second Amended Complaint.

## RESPONSE TO "PRELIMINARY STATEMENT"

1. Denies the allegations set forth in paragraph 1 of the Second Amended Complaint, except admits Plaintiff started working for Defendant Immutable in September 2022.

2. Denies the allegations set forth in paragraph 2 of the Second Amended Complaint, and specifically denies that Anderson engaged in any harassing, sexually inappropriate, or sexually suggestive behavior and as such, denies that there was any harassment or sexual overture for Mazzuchelli to "oppose" or "rebuff".

3. Denies the allegations set forth in paragraph 3 of the Second Amended Complaint, and specifically denies that Anderson criticized Mazzuchelli's performance for the first time after Mazzuchelli disclosed her pregnancy or made any comments that could be perceived to have "questioned" Mazzuchelli's ability to "do this job pregnant." Defendant further states that Anderson was not Mazzuchelli's supervisor at that time nor was she a decision maker with respect to Mazzuchelli's employment for Immutable.

4. Denies the allegations set forth in paragraph 4 of the Second Amended Complaint, except admits Mazzuchelli's employment for Immutable was terminated.

5. Denies the allegations set forth in paragraph 5 of the Second Amended Complaint.

## RESPONSE TO "JURISDICTION AND VENUE"

6. No response is necessary to the allegations set forth in paragraph 6 of the Second Amended Complaint. To the extent a response is required, Defendant admits that this Court has jurisdiction over this matter to the extent it alleges federal and New York claims but aver that the Court should decline jurisdiction over the California claims.

7. No response is necessary to the allegations set forth in paragraph 7 of the Second Amended Complaint. To the extent a response is required, Defendant admits that venue is proper.

**RESPONSE TO "ADMINISTRATIVE PROCEDURES"**

8. Denies knowledge or information sufficient to formulate a belief as to the allegations in paragraph 8 of the Second Amended Complaint.

9. Denies knowledge or information sufficient to formulate a belief as to the allegations in paragraph 9 of the Second Amended Complaint.

10. Denies knowledge or information sufficient to formulate a belief as to the allegations in paragraph 10 of the Second Amended Complaint.

**RESPONSE TO "PARTIES"**

11. Paragraph 11 of the Second Amended Complaint contains a legal conclusion as to the definition of "employee" to which no response is required. Defendant further denies knowledge or information sufficient to formulate a belief as to the remaining allegations in paragraph 11 of the Second Amended Complaint.

12. Paragraph 12 of the Second Amended Complaint contains a legal conclusion as to the definition of "employer" to which no response is required. Defendant further admits that Immutable is a technology company incorporated and headquartered in Australia.

13. Denies knowledge or information sufficient to formulate a belief as to the allegations in paragraph 13 of the Second Amended Complaint.

**RESPONSE TO "FACTUAL ALLEGATIONS"**

**I.  BACKGROUND**

14. Denies knowledge or information sufficient to formulate a belief as to the allegations in paragraph 14 of the Second Amended Complaint.

15. Denies knowledge or information sufficient to formulate a belief as to the allegations in paragraph 15 of the Second Amended Complaint.

16. Denies knowledge or information sufficient to formulate a belief as to the allegations in paragraph 16 of the Second Amended Complaint.

17. Denies knowledge or information sufficient to formulate a belief as to the allegations in paragraph 17 of the Second Amended Complaint.

18. Denies knowledge or information sufficient to formulate a belief as to the allegations in paragraph 18 of the Second Amended Complaint.

19. Denies the allegations set forth in paragraph 19 of the Second Amended Complaint, except admits that Mazzuchelli was offered the role of Director of Partner Success for Immutable.

20. Paragraph 20 constitutes a legal conclusion to which no response is required and is not directed at Immutable. To the extent a response is required, Immutable denies the allegations in paragraph 20 of the Second Amended Complaint.

21. Denies the allegations set forth in paragraph 21 of the Second Amended Complaint, except admits that Mazzuchelli accepted an offer for employment for Immutable.

22. No response is required to the allegations set forth in paragraph 22 of the Second Amended Complaint as the document speaks for itself.

23. Paragraph 23 contains a legal conclusion and argument as to the definition of employer under New York law to which no response is required.  Defendant admits that Mazzuchelli was employed for Immutable.

24. No response is required to the allegations set forth in paragraph 24 of the Second Amended Complaint as the document speaks for itself and avers that as stated in paragraph 24 all work would be performed for Immutable.

25. No response is required to the allegations set forth in paragraph 25 of the Second Amended Complaint as the document speaks for itself.

4924-8456-9100

26. No response is required to the allegations set forth in paragraph 26 of the Second Amended Complaint as the document speaks for itself.

## II.   "MAZZUCHELLI'S SUPERVISOR SEXUALLY HARASSES HER"

27. Denies the allegations set forth in paragraph 27 of the Second Amended Complaint, and specifically denies that Anderson sexually harassed Mazzuchelli by pointing to contemporaneous messages between the two as evidence that Mazzuchelli was not uncomfortable, much less the victim of harassment.



28. Admits the allegations set forth in paragraph 28 of the Second Amended Complaint.

29. Admits the allegations set forth in paragraph 29 of the Second Amended Complaint except denies that they travelled there for "work".

30. Denies the allegations set forth in paragraph 30 of the Second Amended Complaint.

31. Denies the allegations set forth in paragraph 31 of the Second Amended Complaint.

32. Denies the allegations set forth in paragraph 32 of the Second Amended Complaint.

33. Denies the allegations set forth in paragraph 33 of the Second Amended Complaint.

34. Denies that Anderson engaged in any of the conduct alleged in paragraph 34 of the Second Amended Complaint and denies knowledge or information sufficient to formulate a belief as to how Mazzuchelli felt but avers that Mazzuchelli did not make any complaint to Immutable about any events described therein.

35. Denies knowledge or information regarding Mazzuchelli's motivation to join Immutable and Anderson's team and denies that there were any discussions or actions that implied Mazzuchelli should have a sexual relationship with her supervisor as alleged in paragraph 35 of the Second Amended Complaint.

36. Denies the allegations set forth in paragraph 36 of the Second Amended Complaint and denies knowledge or information as to what time Mazzuchelli and her friends ended their night.

37. Admits the allegations set forth in paragraph 37 of the Second Amended Complaint.

38. Denies the allegations set forth in paragraph 38 of the Second Amended Complaint, and specifically denies that Anderson insisted on returning Mazzuchelli's clothing the evening of September 30, 2022 and that she went up to Mazzuchelli's hotel room in the evening of September 30, 2022, as disproven by the messages between the two, which prove that Anderson still had the clothing she borrowed from Mazzuchelli on October 2, 2022 and October 5, 2022.

 

39. Denies the allegations set forth in paragraph 39 of the Second Amended Complaint.

40. Denies the allegations set forth in paragraph 40 of the Second Amended Complaint, and specifically denies that Anderson insisted on returning Mazzuchelli's clothing the evening of September 30, 2022 and that she went up to Mazzuchelli's hotel room in the evening of September 30, 2022, as disproven by the messages between the two, which prove that Anderson still had the clothing she borrowed from Mazzuchelli on October 2, 2022 and October 5, 2022.

41. Denies the allegations set forth in paragraph 41 of the Second Amended Complaint, and specifically denies that Anderson went up to Mazzuchelli's hotel room in the evening of September 30, 2022, as proven by the messages between the two.

42. Denies the allegations set forth in paragraph 42 of the Second Amended Complaint, and specifically denies that Anderson went up to Mazzuchelli's hotel room in the evening of September 30, 2022, as proven by the messages between the two.

4924-8456-9100

43. Denies the allegations set forth in paragraph 43 of the Second Amended Complaint, and specifically denies that Anderson went up to Mazzuchelli's hotel room in the evening of September 30, 2022 as proven by the messages between the two.

44. Denies the allegations set forth in paragraph 44 of the Second Amended Complaint, and specifically denies that Anderson went up to Mazzuchelli's hotel room in the evening of September 30, 2022, as proven by the messages between the two.

45. Denies the allegations set forth in paragraph 45 of the Second Amended Complaint, and specifically denies that Anderson went up to Mazzuchelli's hotel room in the evening of September 30, 2022, as proven by the messages between the two.

46. Denies the allegations set forth in paragraph 46 of the Second Amended Complaint, and specifically denies that Anderson went up to Mazzuchelli's hotel room in the evening of September 30, 2022, as proven by the messages between the two and avers that Mazzuchelli fails to identify any so called witnesses she alleges can support her claims but specifically identifies in the Second Amended Complaint numerous individuals she seeks to disparage and humiliate.

47. Denies the allegations set forth in paragraph 47 of the Second Amended Complaint, and specifically denies that Anderson went up to Mazzuchelli's hotel room in the evening of September 30, 2022 as proven by the messages between the two.

48. Denies the allegations set forth in paragraph 48 of the Second Amended Complaint, and specifically denies that Anderson went up to Mazzuchelli's hotel room in the evening of September 30, 2022, as proven by the messages between the two.

4924-8456-9100

49. Denies the allegations set forth in paragraph 49 of the Second Amended Complaint, and specifically denies that Anderson and Mazzuchelli were sitting together and thus chatting on the flight to Los Angeles, as text messages between the two prove they were not near one another on the plane.

 

50. Denies the allegations set forth in paragraph 50 of the Second Amended Complaint, and specifically denies that Anderson and Mazzuchelli were sitting together and thus chatting on the flight to Los Angeles, as text messages between the two prove they were not near one another on the plane.

51. Denies the allegations set forth in paragraph 51 of the Second Amended Complaint, and specifically denies that Anderson and Mazzuchelli were sitting together and thus chatting on the flight to Los Angeles, as text messages between the two prove they were not near one another on the plane.

52. Denies the allegations set forth in paragraph 52 of the Second Amended Complaint and avers that Mazzuchelli fails to identify any so called witnesses she alleges can support her

claims but specifically identifies in the Second Amended Complaint numerous individuals she seeks to disparage and humiliate.

53. Denies the allegations set forth in paragraph 53 of the Second Amended Complaint.

54. Denies the allegations set forth in paragraph 54 of the Second Amended Complaint, except denies knowledge or information sufficient to formulate a belief as to how Mazzuchelli felt and avers that Mazzuchelli told coworkers at the event details about her own personal life.

55. Denies the allegations set forth in paragraph 55 of the Second Amended Complaint.

56. Denies the allegations set forth in paragraph 56 of the Second Amended Complaint, except admits that Mazzuchelli traveled to Australia during her employment for Immutable.

57. Denies the allegations set forth in paragraph 57 of the Second Amended Complaint, except denies knowledge or information sufficient to formulate a belief as to whether Mazzuchelli intended to distance herself from Anderson although her actions and statements do not support her claim.

58. Denies the allegations set forth in paragraph 58 of the Second Amended Complaint, except admits that Mazzuchelli and Anderson spoke to her supervisor about work on occasion, as any supervisor and subordinate do and denies that such conversations were ever inappropriate.

59. Denies the allegations set forth in paragraph 59 of the Second Amended Complaint.

60. Denies the allegations set forth in paragraph 60 of the Second Amended Complaint, except denies knowledge or information sufficient to formulate a belief as to how Mazzuchelli felt.

61. Denies the allegations set forth in paragraph 61 of the Second Amended Complaint.

62. Denies the allegations set forth in paragraph 62 of the Second Amended Complaint.

63. Denies the allegations set forth in paragraph 63 of the Second Amended Complaint, and specifically denies that Mazzuchelli was relieved that Anderson was resigning from Immutable to pursue other career opportunities as demonstrated by Mazzuchelli's contemporaneous messages to Anderson as well as Mazzuchelli's message to the team at Immutable and admits that Anderson left Immutable for another employment opportunity in April 2023.

 

64. Admits the allegations set forth in paragraph 64 of the Second Amended Complaint.

III. **"MAZZUCHELLI ANNOUNCES THAT SHE IS PREGNANT"**

65. Denies knowledge or information sufficient to formulate a belief as to the allegations in paragraph 65 of the Second Amended Complaint.

66. Denies the allegations set forth in paragraph 66 of the Second Amended Complaint.

67. Denies the allegations set forth in paragraph 67 of the Second Amended Complaint.

68. Denies the allegations set forth in paragraph 68 of the Second Amended Complaint.

69. Denies the allegations set forth in paragraph 69 of the Second Amended Complaint.

70. Denies the allegations set forth in paragraph 70 of the Second Amended Complaint.

71. Denies the allegations set forth in paragraph 71 of the Second Amended Complaint, except admits that Anderson reviewed Mazzuchelli's and her other direct reports' performance and provided feedback, and that Mazzuchelli's performance reviews included areas in which Mazzuchelli could improve, but denies such feedback was provided for the first time on April 5, 2023.

72. Denies the allegations set forth in paragraph 72 of the Second Amended Complaint.

### IV. "MAZZUCHELLI PROTESTS DISCRIMINATION"

73. Denies the allegations set forth in paragraph 73 of the Second Amended Complaint.

74. Denies the allegations set forth in paragraph 74 of the Second Amended Complaint.

75. Denies the allegations set forth in paragraph 75 of the Second Amended Complaint.

76. Denies knowledge or information sufficient to formulate a belief as to the truth of the allegations set forth in paragraph 76 of the Second Amended Complaint.

77. Denies knowledge or information sufficient to formulate a belief as to the truth of the allegations set forth in paragraph 77 of the Second Amended Complaint.

### V. "DEFENDANTS UNLAWFULLY DISMISS MAZZUCHELLI"

78. Denies the allegations set forth in paragraph 78 of the Second Amended Complaint, except admits that Mazzuchelli's employment for Immutable ended on May 1, 2023.

79. Denies the allegations set forth in paragraph 79 of the Second Amended Complaint.

80. Denies the allegations set forth in paragraph 80 of the Second Amended Complaint.

81. Denies the allegations set forth in paragraph 81 of the Second Amended Complaint, except admits that Mazzuchelli was offered a severance package.

82. Denies knowledge or information sufficient to formulate a belief as to the truth of the allegations set forth in paragraph 82 of the Second Amended Complaint, except admits that

Immutable terminated Mazzuchelli's employment and states that no response is required to the allegations relating to the "ESF" as the document speaks for itself.

83. Deny the allegations set forth in paragraph 83 of the Second Amended Complaint, except denies knowledge or information sufficient to formulate a belief as to the allegations about the "ESF" and states that no response is required to the allegations relating to the "ESF" as the document speaks for itself.

84. No response is required to the allegations set forth in paragraph 84 of the Second Amended Complaint as the document speaks for itself.

85. No response is required to the allegations set forth in paragraph 85 of the Second Amended Complaint as the document speaks for itself.

### RESPONSE TO FIRST CAUSE OF ACTION
### (Discrimination in Violation of NYSHRL)
*Against All Defendants*

86. Defendant repeats and realleges each and every response to paragraphs 1 through 85 of the Second Amended Complaint as if fully set forth herein.

87. Paragraph 87 constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

88. Paragraph 88 constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

89. Denies the allegations set forth in paragraph 89 of the Second Amended Complaint.

90. Denies the allegations set forth in paragraph 90 of the Second Amended Complaint.

### RESPONSE TO SECOND CAUSE OF ACTION
### (Retaliation in Violation of NYSHRL)
*Against All Defendants*

91. Defendant repeats and realleges each and every response to paragraphs 1 through 90 of the Second Amended Complaint as if fully set forth herein.

92. Paragraph 92 constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

93. Denies the allegations set forth in paragraph 93 of the Second Amended Complaint.

94. Denies the allegations set forth in paragraph 94 of the Second Amended Complaint.

### RESPONSE TO THIRD CAUSE OF ACTION
### (Discrimination in Violation of Title VII)
*Against All Defendants*

95. Defendant repeats and realleges each and every response to paragraphs 1 through 94 of the Second Amended Complaint as if fully set forth herein.

96. Paragraph 96 constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

97. Paragraph 97 constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

98. Denies the allegations set forth in paragraph 98 of the Second Amended Complaint.

99. Denies the allegations set forth in paragraph 99 of the Second Amended Complaint.

### RESPONSE TO FOURTH CAUSE OF ACTION
### (Retaliation in Violation of Title VII)
*Against All Defendants*

100. Defendant repeats and realleges each and every response to paragraphs 1 through 99 of the Second Amended Complaint as if fully set forth herein.

101. Paragraph 101 constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

102. Denies the allegations set forth in paragraph 102 of the Second Amended Complaint.

103. Denies the allegations set forth in paragraph 103 of the Second Amended Complaint.

## RESPONSE TO FIFTH CAUSE OF ACTION
### (Discrimination in Violation of FEHA)
*Against All Defendants*

104. Defendant repeats and realleges each and every response to paragraphs 1 through 103 of the Second Amended Complaint as if fully set forth herein.

105. Paragraph 105 constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

106. Paragraph 106 constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

107. Denies the allegations set forth in paragraph 107 of the Second Amended Complaint.

108. Denies the allegations set forth in paragraph 108 of the Second Amended Complaint.

## RESPONSE TO PRAYER FOR RELIEF

The unnumbered paragraph immediately following paragraph 108 of the Second Amended Complaint and commencing with the word "WHEREFORE" state a purported demand for relief to which no response is required. However, to the extent that any response is required, Defendant denies that Plaintiff is entitled to any judgment in her favor or any other relief.

## AS AND FOR DEFENDANT IMMUTABLE'S DEFENSES

Defendant Immutable Pty. Ltd. asserts the following defenses and affirmative defenses, without assuming any burden of proof that it does not have as a matter of law.

### FIRST DEFENSE

The Second Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Second Amended Complaint fails to state a claim upon which an award of punitive

damages may be granted, and Defendant's good faith efforts to prevent discrimination and retaliation bar an award of punitive damages.

### THIRD DEFENSE

The Second Amended Complaint fails to state a claim upon which an award of attorneys' fees may be granted.

### FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the principles of unclean hands, waiver, estoppel and/or laches.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that she failed to timely and properly exhaust all necessary administrative, statutory, and/or jurisdictional prerequisites for the commencement of this action.

### SEVENTH DEFENSE

Plaintiff's claims, or the damages she may recover, are barred, or at least reduced by her failure to mitigate damages, and Defendant is entitled to an offset in the amount Plaintiff has actually earned and/or could have earned in the exercise of reasonable diligence.  Such damages are also barred to the extent Plaintiff was incapacitated, unable to work, or chose not to work.

### EIGHTH DEFENSE

Plaintiff's retaliation claims fail as a matter of law because she cannot establish that she engaged in any protected activity or that any alleged protected activity was the "but for" cause of any adverse employment action.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the New York Workers' Compensation Law and the exclusivity remedy provision thereof.

**TENTH DEFENSE**

Plaintiff's claims fail because any alleged action or failure to act on the part of Defendant was not the proximate cause of any alleged injuries to Plaintiff.

**ELEVENTH DEFENSE**

To the extent Defendant took any actions with regard to Plaintiff's employment, the actions were based solely on legitimate, non-discriminatory, non-retaliatory factors, and were made in good faith, in compliance with all applicable laws.

**TWELFTH DEFENSE**

All decisions made by Defendant with respect to Plaintiff and all actions taken with respect to her employment were made without malice, ill will, fraud, oppression or any other improper motive, and the alleged actions on which Plaintiff premises her claims in the Second Amended Complaint are insufficient to warrant imposition of punitive damages.

**THIRTEENTH DEFENSE**

Plaintiff's own conduct and negligence was the proximate cause of any damages she allegedly sustained.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part because Defendant Immutable (1) established and/or complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory and retaliatory practices by employees, including but not limited to having (i) a meaningful and responsive procedure for investigating complaints of such practices by employees and agents and for taking appropriate action against those persons who are

found to have engaged in such practices; (ii) a firm policy against such practices which is effectively communicated to employees and agents; (iii) a program to educate employees and agents about such practices under local, state and federal law; and (iv) procedures for the supervision of employees and agents specifically directed at the prevention and detection of such practices; and/or (2) exercised reasonable care to prevent and promptly correct any such practices, and plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.

### FIFTEENTH DEFENSE

There is no record of prior incidents of discriminatory, harassing, or retaliatory conduct by the employees whom Plaintiff alleges discriminated, harassed, or retaliated against her.

Defendant Immutable reserves the right to assert any additional defenses of which it becomes aware during the course of this proceeding.

**WHEREFORE**, Defendant Immutable requests that the Second Amended Complaint be dismissed with prejudice and in its entirety; that judgment be entered against Plaintiff and in favor of Defendant Immutable, for all costs and attorneys' fees incurred by it in defending this action; and that Defendant Immutable be granted such other and further relief as the Court may deem just and proper.

Dated: January 31, 2025  
      New York, New York

LITTLER MENDELSON, P.C.

By: */s/ William Anthony*  
    William J. Anthony  
    wanthony@littler.com  
    Rebecca Goldstein  
    rgoldstein@littler.com  
    900 Third Avenue  
    New York, NY  10022.3298  
    Telephone:  212.583.9600  
    Facsimile:  212.832.2719

Attorneys for Defendant  
IMMUTABLE PTY. LTD.