

**Valdi Licul**
vlicul@wigdorlaw.com

March 7, 2025

**VIA ECF**

The Honorable Nelson S. Roman
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601

    Re:    <u>Natalia Mazzuchelli v. Immutable, *et al.*</u>; Case No. 7:23-cv-07885-NSR

Dear Judge Roman:

We represent Plaintiff Natalia Mazzuchelli ("Mazzuchelli") in this matter and submit this pre-motion letter to respectfully request leave to file the attached Proposed Third Amended Complaint ("Proposed TAC") to clarify Plaintiff's existing allegations. <u>See</u> Ex. A.

**I.    Background**

On September 26, 2022, Mazzuchelli started working for Defendants Immutable Pty Ltd. ("Immutable") and Lightsource Global ("Lightsource") (together, "Defendants"). Mere days into her employment with Defendants, Mazzuchelli's direct supervisor, Shirely Anderson ("Anderson"), started to sexually harass Mazzuchelli. Anderson began to inundate Mazzuchelli with questions and stories about group sex, bisexuality, anal sex, extramarital affairs and Anderson's assessments about the sex lives of company executives. Mazzuchelli protested Anderson's unlawful conduct by making clear that Anderson's harassment was unwelcome.

In early-April 2023, Mazzuchelli disclosed to Anderson that she was pregnant. Immediately thereafter, Anderson began to falsely criticize Mazzuchelli's performance. Then, mere weeks later, Immutable and Lightsource terminated Mazzuchelli's employment.

**II.    Procedural History**

On March 13, 2024, this Court granted Mazzuchelli's request to file an Amended Complaint adding federal and California claims that were not exhausted at the time Mazzuchelli filed her initial pleading. <u>See</u> Dkt. No. 37. On this date, the Court further set a briefing schedule for Defendants' anticipated motions to dismiss. <u>Id.</u> On July 9, 2024, Defendants' respective motions to dismiss were fully briefed. <u>See</u> Dkt. Nos. 43-51. Thereafter, on November 18, 2024, this Court issued a decision granting Lightsource's motion to dismiss and granting in part and denying in part Immutable's motion to dismiss. <u>See</u> Dkt. No. 52. On this date, the Court also granted Mazzuchelli



the option to amend her complaint.  Id.  Accordingly, on December 20, 2024, Plaintiff filed a Second Amended Complaint.  See Dkt. No. 53.  Thereafter, on January 31, 2024, Immutable filed an Answer to Plaintiff's Second Amended Complaint.  See Dkt. No. 61.

Having had the opportunity to review Immutable's Answer, Mazzuchelli seeks leave to file the Proposed TAC to provide clarification and context to certain allegations in order to ensure the utmost accuracy before the parties proceed well into discovery.

### III.    Standard

Fed. R. Civ. P. 15(a) states that a court "should freely give leave" to amend.  "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."  AEP Energy Serv. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 725 (2d Cir. 2010).  The Second Circuit has "referred to the prejudice to the opposing party resulting from a proposed amendment as among the 'most important' reasons to deny leave to amend."  Id. at 725.  For instance, an amendment is prejudicial where "it would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'"  Id. (quoting State Teachers Ret. Bd., 654 F.2d at 856).  An amendment may also be unduly prejudicial "when it substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation."  Lynch as Trustee of Health and Welfare Fund of Patrolman's Benevolent Ass'n of the City of New York v. Nat'l Prescription Administrators, Inc., 795 F. App'x 68, 70 (2d Cir. 2020).  Nevertheless, "the Second Circuit has instructed this Court to permit leave to amend, even on the eve of trial, where the new claims arise from the same set of operative facts asserted in the original complaint."  Doe I v. Karadzic, 176 F.R.D. 458, 461 (S.D.N.Y.1997).

Indeed, under Rule 15(a), there is a well-established "presumption in favor of granting leave" to amend.  See Sigmund v. Martinez, No. 06 Civ. 1043 (RWS) (MHD), 2006 WL 2016263, at *1 (S.D.N.Y. July 13, 2006) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); see also In re United Brands Co. Sec. Litig., 1990 WL 16164, at *2 (S.D.N.Y. Feb. 15, 1990) ("[T]he Court begins with the presumption that the motion should be granted unless good reason exists to deny it.").  Motions to amend pleadings under Rule 15 are liberally granted to further this Circuit's "strong preference for resolving disputes on the merits."  Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015).

### IV.    Argument

Here, there is no prejudice to Defendants.  The parties have not yet exchanged Initial Disclosures pursuant to Fed. R. Civ. P. 26(c), Mazzuchelli has not yet propounded discovery requests and the Proposed Case Management Plan and Scheduling Order is currently *sub judice*.  See Dkt. No. 64.  Accordingly, the Proposed TAC would not cause Defendants to expend significant resources to conduct additional discovery.



Moreover, the proposed amendments do not add causes of action or additional parties but rather clarify and provide context to the existing allegations. For example, in connection with existing allegations regarding Anderson's sexual harassment of Mazzuchelli while on work-related trips, more allegations were added and clarifications regarding the timeframe were made. Similarly, in connection with existing allegations regarding Anderson's false criticisms of Mazzuchelli's performance and Mazzuchelli's protected activity, clarifications were made regarding the timing of those events. In these circumstances, Courts have routinely grant leave to amend. See Hanlin v. Mitchelson, 794 F.2d 834, 841 (2d Cir.1986) (reversing district court's denial of motion to amend the complaint because "the new claims are merely variations on the original theme . . ., arising from the same set of operative facts as the original complaint"); Schoolcraft v. City of New York, 81 F. Supp. 3d 295, 304 (S.D.N.Y. 2015) (allowing the Plaintiff to amend the complaint at the summary judgment stage despite Defendants argument that the changes were substantive because the proposed amendments were "most fairly read as clarifications and corrections of the factual allegations rather than wholesale new allegations."); see also Cintron v. Weissman, No. 14 Civ. 0116, 2015 WL 5604954, at *5 (N.D.N.Y. Sept. 23, 2015) (granting leave to amend a complaint to "clarify certain factual allegations" as the amendments did "not materially alter the scope of this litigation[.]").

Mazzuchelli sought Defendants' consent. Lightsource did not consent to Mazzuchelli filing the Proposed TAC. In Lightsource's view, the proposed amendments do not cure the deficiencies set forth in its pre-motion letter dated January 17, 2025, Dkt. No. 57, and will delay its Motion to Dismiss which is due to be served, not filed, on March 10, 2025. See Dkt. No. 60. However, the allegations that pertain to the various ways Lightsource controlled Mazzuchelli's employment remain untouched in the Proposed TAC. See Ex. A. Therefore, the Proposed TAC would not require Lightsource to expend additional resources on its anticipated motion and any perceived delay is minimal and, therefore, non-prejudicial. Similarly, Immutable did not consent to Mazzuchelli filing the Proposed TAC but did not provide a basis for its objection.

Accordingly, Plaintiff respectfully requests that this Court grant Mazzuchelli's request to file the Proposed TAC.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Valdi Licul

cc:     All Counsel of Record (*via* ECF)