

Littler Mendelson, P.C.
900 Third Avenue
New York, New York 10022.3298

Rebecca Goldstein
Shareholder
212.497.6854 direct
rgoldstein@littler.com

March 12, 2025

**VIA ECF**
Hon. Nelson S. Roman
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re:   *Natalia Mazzuchelli v. Immutable Pty. Ltd., et al.*; Case No.: 23-cv-07885-NSR

Dear Judge Roman:

Per Rule 3(A)(ii) of Your Honor's Individual Practices, we write on behalf of Defendant Immutable Pty. Ltd. ("Immutable") to oppose to Plaintiff's letter motion requesting leave to file her proposed Third Amended Complaint ("TAC"). ECF 65.

**Relevant Procedural History**

Plaintiff filed her original Complaint on September 6, 2023. ECF 1. On March 12, 2024, the Court granted Plaintiff's motion for leave to amend. ECF 36-37. On July 9, Immutable moved to dismiss the Amended Complaint[1] because Plaintiff failed to set forth a viable claim under Title VII, the New York State Human Rights Law ("NYSHRL"), or the California Fair Employment & Housing Act ("FEHA"). ECF 43-45.[2] Although the Amended Complaint was riddled with inflammatory rhetoric, Plaintiff's sexual harassment claim boiled down to three occasions on which she claims her former supervisor "inundated" her with stories about her own sex life and the sex lives of others in a purported attempt to "groom" her into a sexual encounter. ECF 44, pp. 11-12. In addition to the conduct not being severe or pervasive, Plaintiff's allegations were insufficient to invoke the protections of the NYSHRL (the alleged harassment did not occur in NY) or the FEHA (there were no allegations of tortious conduct in California). *Id.*, pp. 10-11, 16-17.

The Court dismissed Plaintiff's FEHA claim and found Plaintiff's Title VII and NYSHRL sexual harassment claims were not sufficiently severe so as to create an abusive or hostile working environment. *See* ECF 52, p. 12 (the "Decision") ("Plaintiff only alleges that [her supervisor] discussed, albeit in great detail, her sex life and the sex lives of her colleagues in Plaintiff's hotel room across two nights. Such comments. . . do not give rise to a severity of the kind needed to

---

[1] Immutable also moved to strike Plaintiff's legally insignificant allegations concerning the sexual preferences and sex lives of Immutable's executives as nothing more than scandalous and inflammatory rhetoric.
[2] Defendant Lightsource moved to dismiss the Amended Complaint on separate grounds. That motion was granted.

demonstrate an abusive or hostile work environment for a claim of sexual harassment."). The Court also agreed that plaintiff's NYSHRL sexual harassment claim fell outside of the statute's territorial scope because the alleged sexual harassment did not occur in New York. *Id.* at 16-17. On December 20, Plaintiff filed her Second Amended Complaint ("SAC"), adding facts in attempt to address the defects addressed in the Court's ruling. ECF 53.

Per the Court's Order (ECF 55), Immutable answered the SAC on January 31, 2025. ECF 61. In its Answer, Immutable denied most of the allegations, and provided evidence of contemporaneous messages between Plaintiff and her supervisor that disprove that certain of the purportedly harassing conduct occurred as Plaintiff alleges. *See* ECF 61, ¶¶ 27, 38, 40-51, 63.[3] That same day, Immutable served discovery requests and a deposition notice on Plaintiff based on the allegations in her SAC. Immutable also served non-party subpoenas on Plaintiff's former employers and Lauren Griewski, who Plaintiff claims was present for most of the purported interactions between Plaintiff and her former supervisor in California. *See* SAC (ECF 53), ¶¶ 42, 46, 48.[4]

**Plaintiff Should Not Be Granted Leave to Replead for a Third Time.**

After 18 months of motion practice, the beginnings of discovery, and only after Immutable disproved several of Plaintiff's more salacious assertions pertaining to the purported sexual harassment she claims occurred in California, Plaintiff seeks to remove several of the allegations that have been unequivocally proven false, and to materially alter others. ECF 65, ¶¶ 40-42, 44-45, 48-49, 51. Further, because of the proof included in Immutable's Answer, Plaintiff seeks, at this belated stage, to remove several "factual" allegations from her pleading that were at the core of her sexual harassment claim, thus greatly diluting this claim. Plaintiff and her counsel's attempt to cover over the prior misrepresentations in her pleading should not be permitted and would prejudice Immutable.

Leave to amend is properly be denied with evidence of "undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *See MacGregor v. Milost Global, Inc.*, 2019 U.S. Dist. LEXIS 68009, at *11 (S.D.N.Y. Apr. 19, 2019) (internal citations omitted). Plaintiff's proposed TAC and letter motion strike out on all four of these points.

First, Plaintiff is not seeking to "provide clarification and context" through the proposed TAC as she disingenuously claims. *See* ECF 65, pp. 2-3. Rather, Plaintiff is attempting to remove certain allegations that she and her counsel previously represented were true in their filed pleading that were disproven by Immutable's Answer. Namely, none of the purported sexual harassment or grooming behaviors Plaintiff claims occurred in her hotel room on September 30, 2022 occurred

---

[3] Plaintiff asserts that her supervisor insisted on returning clothing she borrowed the evening of September 30, 2022 and went up to Plaintiff's hotel room that evening to groom her into a sexual encounter, which included discussing her sex life, getting undressed in front of her, touching her own breasts, and sitting on her bed "expecting the two would have sex." SAC, ¶¶ 1, 38-40, 42-44, 48. The text messages included in Immutable's Answer indisputably prove that as of October 5, 2022, Plaintiff's supervisor had not returned the borrowed clothing and thus was not in Plaintiff's hotel room the evening of September 30, 2022, thereby disproving any of the purported grooming behaviors could have occurred as Plaintiff describes. Further, Plaintiff asserts that the sexual harassment continued when the two were on a flight on October 3, 2022 (SAC ¶¶ 49-51), while the text messages make clear that the two were not together.
[4] Plaintiff objected to the subpoena, and we are awaiting a decision from the Court. *See* ECF 62 (seeking an Order from the Court to proceed with non-party deposition prior to party depositions).

or could have occurred that evening, as the contemporaneous text messages between her and her supervisor disprove that the supervisor was Plaintiff's hotel room that evening. ECF 61, ¶¶ 27, 38. Further, the text messages prove that the two were not near one another during the travel to Los Angeles on October 3, 2022 and thus the purported harassing conversation as alleged by Plaintiff could not have occurred. ECF 61, ¶ 49. Courts in this Circuit are clear that such material changes to facts and theories that contradict or conflict with the original pleading demonstrate bad faith sufficient to deny a motion to replead. *MacGregor*, 2019 U.S. Dist. LEXIS 68009 at *16-17; *Kant v. Columbia Univ.*, 2010 U.S. Dist. LEXIS 21900, at *16-17 (S.D.N.Y. Mar. 9, 2010) ("[a]fter comparing Plaintiff's factual account in the SAC with the allegations set forth in his proposed third amended complaint, the Court agrees that the two accounts cannot be reconciled."). Here, Plaintiff's bad faith is particularly egregious because the relevant text messages should have been available to Plaintiff and her counsel before she filed her original Complaint in September 2023.

Second, Plaintiff's proposed amendments are futile and do not cure the deficiencies noted by the Court in its Decision. "[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *See Kant*, 2010 U.S. Dist. LEXIS 21900 at *11 (internal citations omitted). The abridged allegations in the TAC walk away from the allegedly harassing conduct that this Court already found insufficient to withstand dismissal that Plaintiff originally and apparently no longer claims occurred in her hotel room in California on September 30, 2022. Because Plaintiff cannot demonstrate that these condensed claims would survive dismissal, the Court should deny Plaintiff's motion to replead. *Yaba v. Cadwalader, Wickersham & Taft*, 931 F. Supp. 271, 274 (S.D.N.Y 1996) (denying leave to amend because plaintiff's new claims were futile); *CVR Energy, Inc. v. Wachtell, Lipton, Rosen & Katz*, 2019 U.S. Dist. LEXIS 228774, at *15-16 (S.D.N.Y. Oct. 9, 2019) ("the Court will not indulge Plaintiff's attempts at piecemeal pleading, whereby Plaintiff hopes to eventually cobble together an adequate complaint under the Court's guidance while inflicting significant prejudice on Defendants."), *aff'd,* 830 F. App'x 330 (2d Cir. 2020).

Third and fourth, it is both unreasonable and inefficient for Immutable to continue responding to Plaintiff's successive replacement pleadings because Plaintiff misrepresented facts to the Court in her original and amended pleadings. Plaintiff commenced this matter 18 months ago and has been afforded ample time and three opportunities to amend. In addition to the fact that Plaintiff has the messages with her former supervisor that contradict her pleading, she waited an additional five weeks to further seek to amend, including until after: Immutable served its discovery requests based on the SAC; the parties conferred about the case management plan; and Plaintiff objected to Immutable's notice of intent to serve a non-party subpoena on Lauren Griewski, who allegedly witnessed the events in Plaintiff's hotel room. Plaintiff has not provided a legitimate reason for her continued misrepresentations to the Court and delay in seeking another amendment. *See MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.,* 157 F.3d 956, 962 (2d Cir. 1998) ("the district court plainly has discretion to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is made for the delay, and the amendment would prejudice the defendant." (internal quotation marks and citation omitted)).

For these reasons, Immutable respectfully requests that Plaintiff be denied the opportunity to amend her complaint for a third time. We thank the Court for its attention to this matter.

                                                                                 Respectfully Submitted,

                                                                                 */s/ Rebecca Goldstein*

                                                                                 Rebecca Goldstein

CC: All Parties (via ECF)