

**Valdi Licul**
vlicul@wigdorlaw.com
April 24, 2025

**VIA ECF**

The Honorable Andrew E. Krause
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re: Mazzuchelli v. Immutable PTY LTD, *et al.*; Case No. 23 Civ. 7885 (NSR)(AEK)

Dear Judge Krause:

Plaintiff Natalia Mazzuchelli ("Plaintiff" or "Mazzuchelli") writes pursuant to Your Honor's Order, dated April 14, 2025, to request a conference prior to filing a motion to compel discovery in the above-referenced matter. See Dkt. No. 70. Here, despite this Court's scheduling order and Plaintiff's good faith attempts to facilitate discovery, Defendant Lightsource Global ("Lightsource") has, to date, failed to properly respond to Plaintiff's First Set of Interrogatories ("Interrogatories") and First Requests for the Production of Documents ("Document Requests") (together, the "Discovery Requests"). Therefore, Plaintiff seeks the Court's leave to file a Motion to Compel Responses to Plaintiff's Interrogatories and Document Requests.

## I. DISCOVERY TO DATE

On April 10, 2025, the Honorable Nelson S. Roman ordered a Civil Case Management Plan and Scheduling Order ("the Order") that required the parties to serve discovery requests by March 14, 2025.[1] See Dkt. No. 67. On that date, Plaintiff complied with the Order and served Interrogatories and Document Requests. Accordingly, Lightsource's responses to Plaintiff's Discovery Requests were due on April 14, 2025. On April 14, 2025, Lightsource did not produce a single document and objected to all but one of Plaintiff's Document Requests and refused to respond to a single one of Plaintiff's Interrogatories.

Accordingly, pursuant to Your Honor's Order, dated April 14, 2025, Plaintiff's counsel requested to meet and confer with counsel for Lightsource regarding their improper responses to Plaintiff's Discovery Requests on April 15, 2025. Only then did Lightsource – for the first time – state its intention to request a stay of discovery.

---

[1] The proposed Civil Case Management Plan and Scheduling Order, so-ordered by the Court on April 10, 2025, was first filed on February 20, 2025 with the consent of all counsel. See Dkt. No. 64.





On April 16, 2025, the parties conferred and Lightsource confirmed that they would produce certain categories of documents as well as amend certain discovery responses such that the responses would state whether responsive documents were being withheld on the basis of Lightsource's stated objections. On April 21, 2025, Lightsource produced 22 pages of documents and stated that Plaintiff's termination letter would be forthcoming. Accordingly, Plaintiff must seek leave of the Court to file a Motion to Compel responses to the discovery requests served upon Lightsource.

## II. INTERROGATORIES

As a preliminary matter, Lightsource objected to numerous Interrogatories on the basis that they are "seeking information based on an improper assumption of facts that Plaintiff has not and cannot establish." However, Mazzuchelli has always alleged that Lightsource was her employer along with Defendant Immutable PTY LTD ("Immutable") and she is entitled to discovery regarding her employment with Defendants. Lightsource contesting that it was Mazzuchelli's employer does not mean that it can use its belief that it was not her employer to withhold relevant information.

Interrogatory Nos. 1, 2 and 3 requested the identity of: (1) the individuals involved in the decision to hire Mazzuchelli; (2) those responsible for drafting of Mazzuchelli's Offer of Employment; and (3) each Immutable employee and/or agent with whom Lightsource conferred regarding the hiring of Mazzuchelli. Confoundingly, despite Lightsource providing Mazzuchelli with an Offer of Employment – which is referenced in Mazzuchelli's pleadings – Lightsource claims that the information sought is irrelevant and seeks information not in Lightsource's possession, custody or control. Mazzuchelli simply requests the identities of the individuals involved in the creation of Mazzuchelli's Offer of Employment which Lightsource created and produced.

Interrogatory Nos. 5, 6, 7 and 8 sought the identification of each individual: (5) involved in the decision to terminate Mazzuchelli; (6) with whom Lightsource conferred regarding Mazzuchelli's termination; (7) involved in the drafting and/or creation of Mazzuchelli's Employee Separation Form; as well as (8) the "Lightsource contact" referred to in Mazzuchelli's Employee Separation Form. Again, Lightsource stated that Mazzuchelli was seeking information that is not relevant. However, Mazzuchelli has alleged that she was terminated by both Lightsource and Immutable and received an Employee Separation Form from Lightsource. Of course, information regarding Mazzuchelli's termination is relevant where, as here, she alleges that her termination was unlawful.

Interrogatory No. 11 requested that Lightsource identify the existence, custodian and location of documents concerning Lightsource's business relationship with Immutable. In response, Lightsource objected on a slew of grounds including that the Interrogatory sought irrelevant information, "mental impressions," and "legal conclusions." However, this Interrogatory simply seeks to understand the documents that govern Lightsource's relationship with Immutable – Mazzuchelli alleges that she was employed by both Lightsource and Immutable and is entitled to discovery regarding the relationship of her employers.





Interrogatory No. 16 requested the identity of each Immutable employee and/or agent involved in the decision to offer Mazzuchelli five months of COBRA as part of a severance package. In response, Lightsource claims that this Interrogatory requests information out of its control. However, the employee separation form – provided to Mazzuchelli by Lightsource – clearly states "5 Months COBRA" on it. Further, Mazzuchelli alleges that it was suggested when she was terminated that her severance package was generous given her "situation," i.e, her then-pregnancy. Accordingly, the individuals whose identities are requested in connection with this Interrogatory are plainly relevant and should be produced.

## III. DOCUMENT REQUESTS

Lightsource has raised similarly baseless objections to Plaintiff's Document Requests.

First, Document Requests 4-13 requested documents regarding Mazzuchelli's hiring, job duties, communications with Lightsource employees and termination. In response to each, Lightsource responded that the request sought irrelevant information or "assumes facts that Plaintiff has not and cannot establish." However, the documents sought regarding Mazzuchelli's hiring, employment and termination are squarely relevant and, again, Lightsource's belief that it was not Mazzuchelli's employer does not mean that it can withhold responsive documents.

Second, Document Request 14 requested all agreements between Immutable and Lightsource. In response, Lightsource regurgitated its same objections – however, Mazzuchelli is entitled to discovery regarding the relationship between her alleged employers. It is apparent that Lightsource and Immutable had a business relationship in connection with Mazzuchelli's employment and these documents should be produced.

Third, Document Requests 15-18 requested documents regarding any complaint of discrimination or retaliation by any Lightsource employee in connection with Immutable and documents regarding any investigation in connection with any aforementioned complaint. Of course, documents regarding other individuals co-employed by Lightsource and Immutable who have been subject to discrimination and/or retaliation are plainly relevant and should be produced.

To the extent that documents responsive to these requests do not exist, Lightsource should so state. See Fed. R. Civ. P. 34(b)(2)(B). Otherwise, relevant documents should be produced.

We thank Your Honor for the Court's time and consideration to this matter.

Respectfully submitted,

Valdi Licul

Cc: All counsel of record (*via* ECF)