UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- X

NATALIA MAZZUCHELLI,                          :
                                              :      Case No. 1:23-cv-07885-NSR-AEK
                Plaintiff,                    :
                                              :
        -against-                             :
                                              :
IMMUTABLE PTY. LTD and                        :
LIGHTSOURCE GLOBAL,                           :
                                              :
                Defendants.                   :
                                              :
                                              X
----------------------------------------------------


### DEFENDANT IMMUTABLE PTY. LTD'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

William J. Anthony
Rebecca Goldstein
Emily Gaines
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022.3298
Telephone:  212.583.9600
Facsimile:  212.832.2719

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT .................................................................................................II

RELEVANT PROCEDURAL HISTORY ............................................................................... 1

LEGAL ARGUMENT............................................................................................................... 4

    1.    Plaintiff's Motion To Amend and Remove False Allegations is Not a
Basis to Amend Under Rule 15(a). Rather, it is Bad Faith..................................... 6

    2.    Plaintiff's Proposed Third Amended Complaint is Futile. ..................................... 9

    3.    Immutable Will Be Prejudiced if the Motion is Granted...................................... 10

    4.    If the Court Is Inclined To Give Plaintiff Another Opportunity to Amend,
It Should Dismiss Plaintiff's FEHA Claim As Well As Her NYSHRL and
Title VII Sexual Harassment Claims, With Prejudice, Without Immutable
Having to Bear the Time and Expense of Another Motion to Dismiss. ............... 11

CONCLUSION........................................................................................................................ 12

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Blaney v. Town of Oyster Bay*,
No. 24-CV-01134 (HG)(ARL), 2025 U.S. Dist. LEXIS 87409 (E.D.N.Y. May 7, 2025) ......11

*Bymoen v. Herzog, Heine, Geduld, Inc.*,
No. 88 Civ. 1796 (KMW), 1991 WL 95387 (S.D.N.Y. May 28, 1991) ...................................8

*Collier v. Boymelgreen Devs.*,
No. 06 CV 5425 (SJ), 2008 WL 835706 (E.D.N.Y. Mar. 28, 2008) ......................................11

*Cuoco v. Moritsugu*,
222 F.3d 99 (2d Cir. 2000) ........................................................................................................9

*CVR Energy, Inc. v. Wachtell, Lipton, Rosen & Katz*,
No. 14-cv-6566 (RJS), 2019 U.S. Dist. LEXIS 228774 (S.D.N.Y. Oct. 9, 2019), *aff'd,* 830 F.
App'x 330 (2d Cir. 2020) .....................................................................................................5, 10

*Kant v. Columbia Univ.*,
No. 08 Civ. 7476 (PGG), 2010 U.S. Dist. LEXIS 21900 (S.D.N.Y. Mar. 9, 2010) ..........7, 8, 9

*MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*,
157 F.3d 956 (2d Cir. 1998) ....................................................................................................10

*MacGregor v. Milost Global, Inc.*,
No. 1:17-cv-06691 (LTS)(KHP), 2019 U.S. Dist. LEXIS 68009
(S.D.N.Y. Apr. 19, 2019) ....................................................................................................5, 7, 8

*Obah v. Adapt*,
No. 24-CV-5014 (JMF), 2024 U.S. Dist. LEXIS 156521 (S.D.N.Y. Aug. 30, 2024) .............11

*Salahuddin v. Cuomo*,
861 F.2d 40 (2d Cir. 1988) ......................................................................................................11

*Wallace v. N.Y.C. Dep't of Corr.*,
No. 95 Civ. 4404 (SJ), 1996 WL 586797 (E.D.N.Y. Oct. 9, 1996) ..........................................8

*Yaba v. Cadwalader, Wickersham & Taft*,
931 F. Supp. 271 (S.D.N.Y 1996) ...........................................................................................10

OTHER AUTHORITIES

Federal Rule of Civil Procedure 8 ..................................................................................................6

Federal Rule of Civil Procedure 11(b).............................................................................5

Federal Rule of Civil Procedure 15(a)........................................................................1, 5, 6

## PRELIMINARY STATEMENT

Plaintiff's Motion for leave to file a Third Amended Complaint ("TAC") ("Motion") lacks a legally sufficient underpinning and should be denied. According to Plaintiff "with her proposed amendments Mazzuchelli merely seeks to ensure the utmost accuracy and provide additional context to the operative facts of her underlying claims." Motion at 1. She does not seek to add or eliminate any causes of action. Nor does she cite a single case where leave is granted to file under such circumstances, explain why the previous filed complaints were apparently lacking the utmost accuracy, or explain why the previously-relied-on-now-deleted "facts" were asserted in her opposition to Immutable's Motion to Dismiss and Strike the Amended Complaint if they never occurred. Curious as to why Mazzuchelli seeks to amend a complaint that Immutable answered so is not subject to a pending motion to dismiss by Immutable.

Ultimately, because of the information contained in Defendant Immutable's Answer to the Second Amended Complaint, it is clear that Plaintiff realized she made several material misrepresentations in the operative pleading which now leaves her in a legal conundrum. That, however, is not a basis to allow yet another amendment.

As set forth below, Plaintiff's Motion should be denied as it is not supported by Federal Rule of Civil Procedure 15(a) and is futile in any event.

## RELEVANT PROCEDURAL HISTORY

On September 6, 2023, Plaintiff filed her original Complaint. (ECF 1). On March 12, 2024, the Court granted Plaintiff's motion for leave to amend as Plaintiff informed the Court that she exhausted certain administrative prerequisites and to clarify that she was, in fact, asserting a claim for sexual harassment under the New York State Human Rights Law ("NYSHRL"). (ECF 36-37).

On July 9, Immutable moved to dismiss the Amended Complaint[1] because Plaintiff failed to set forth a viable claim under Title VII, the NYSHRL, or the California Fair Employment & Housing Act ("FEHA"). (ECF 43-45).[2] Although the Amended Complaint was riddled with inflammatory rhetoric (some of which has now been removed), Plaintiff's sexual harassment claim boiled down to three occasions on which she claims her former supervisor "inundated" her with stories about her own sex life and the sex lives of others in a purported attempt to "groom" her into a sexual encounter. (ECF 44, pp. 11-12). In addition to the conduct not being severe or pervasive, Plaintiff's allegations were insufficient to invoke the protections of the NYSHRL (the alleged harassment did not occur in NY), or the FEHA (there were no allegations of tortious conduct in California). (ECF 52, pp. 10-11, 16-17).

The Court dismissed Plaintiff's FEHA claim and found Plaintiff's Title VII and NYSHRL sexual harassment claims were not sufficiently severe so as to create an abusive or hostile working environment. (*See* ECF 52, p. 12 (the "Decision") ("Plaintiff only alleges that [her supervisor] discussed, albeit in great detail, her sex life, and the sex lives of her colleagues in Plaintiff's hotel room across two nights. Such comments. . . do not give rise to a severity of the kind needed to demonstrate an abusive or hostile work environment for a claim of sexual harassment.")). The Court also agreed that Plaintiff's NYSHRL sexual harassment claim fell outside of the statute's territorial scope because the alleged sexual harassment did not occur in New York. (*Id.*, pp. 16-17). Per the Court's Decision, on December 20, Plaintiff filed her Second Amended Complaint

---

[1] Immutable also moved to strike Plaintiff's legally insignificant allegations concerning the sexual preferences and sex lives of Immutable's executives as nothing more than scandalous and inflammatory rhetoric. While the Court denied the Motion to Strike, it did so, in part, because of Plaintiff's now deleted "factual" allegations. (ECF 52, pp. 10-11).

[2] Defendant Lightsource moved to dismiss the Amended Complaint on separate grounds. That motion was granted. (ECF 52).

("SAC"), adding facts in attempt to address the defects addressed in the Court's Decision. (ECF 53).

Per the Court's Order (ECF 55), Immutable answered the SAC on January 31, 2025. (ECF 61). In its Answer, Immutable denied most of the allegations, and provided evidence of contemporaneous messages between Plaintiff and her supervisor that disprove that certain of the purportedly harassing conduct could have occurred as Plaintiff alleged. (*See* ECF 61, ¶¶ 27, 38, 40-51, 63).[3] That same day, Immutable served discovery requests and a deposition notice on Plaintiff based on the allegations in her SAC. Immutable also served non-party subpoenas on Plaintiff's former employers and Lauren Griewski, who Plaintiff claims was present for most of the purported interactions between Plaintiff and her former supervisor in California. (*See* SAC (ECF 53), ¶¶ 42, 46, 48).

Per the Court's April 10, 2025 Civil Case Discovery Plan and Scheduling Order, the Parties were required to serve interrogatories and discovery requests on or before March 14, 2025, and complete non-expert depositions by August 29, 2025. (ECF 67). Per this Scheduling Order, the Parties have engaged in fairly extensive paper discovery, exchanging initial and supplemental responses and productions, deficiency letters, and attending meet and confers about same.

In response to Immutable's discovery requests, on March 17 Plaintiff produced messages with Ms. Griewski, whom she alleges witnessed the purported sexual harassment that occurred in California. These messages reveal that on February 6, 2025, a mere six days after Immutable filed

---

[3] Namely, Plaintiff asserts in her SAC that her supervisor insisted on returning clothing she borrowed the evening of September 30, 2022, and went up to Plaintiff's hotel room that evening to groom her into a sexual encounter, which included discussing her sex life, getting undressed in front of her, touching her own breasts, and sitting on her bed "expecting the two would have sex." (SAC ¶¶ 1, 38-40, 42-44, 48). The text messages included in Immutable's Answer to the SAC indisputably prove that as of October 5, 2022, Plaintiff's supervisor had not returned the borrowed clothing and thus was not in Plaintiff's hotel room the evening of September 30, 2022, thereby refuting that any of the purported grooming behaviors could have occurred as Plaintiff describes. Further, Plaintiff asserts that the sexual harassment continued when the two were on a flight on October 3, 2022, (SAC ¶¶ 49-51), while the text messages make clear that the two were not together on said flight.

its Answer disproving several of Plaintiff's more salacious allegations, and more than 17 months after Plaintiff filed her original complaint asserting before this Court that said allegations were true as plead, Plaintiff reached out to Ms. Griewski asking her to help to re-create a timeline of events that unfolded in California. (A copy of the relevant messages are attached to the Declaration of William J. Anthony, Esq. submitted herewith ("Anthony Dec.") as Exhibit A). It is clear from these messages that Plaintiff and her counsel waited until 17 months into this case, and after this Court carefully considered and dismissed several of her allegations and allowed her the opportunity to re-plead, to determine what her "story" is with respect to her claim that she was sexually harassed in California.

To further add insult to injury, when Plaintiff's counsel asked the parties if they would consent to Plaintiff amending her pleading for a third time, and counsel for Immutable understandably inquired as to whether Plaintiff would be willing to verify the third amended pleading, counsel for Plaintiff refused. (*See* Anthony Dec., Ex. B). Plaintiff and her counsel's conduct here is nothing short of circumspect and demonstrates their disregard for the Court's and counsel's time. Such conduct should not be permitted to continue in this case.

## LEGAL ARGUMENT

After nearly eighteen months of motion practice, commencement of discovery, and only after Immutable disproved through Plaintiff's own text messages several of Plaintiff's assertions used to bolster her previously dismissed sexual harassment claims, Plaintiff now seeks to remove several of those allegations that have been unequivocally proven false, and to materially alter others. (*See* ECF 65, ¶¶ 40-42, 44-45, 48-49, 51). Further, Plaintiff seeks, at this belated stage, to remove several "factual" allegations from her pleading that were at the core of her sexual harassment claims, thus greatly diluting them. Plaintiff and her counsel's attempt to cover over the prior misrepresentations in her pleading should not be permitted and will prejudice Immutable.

Afterall, Plaintiff pled these exact same "facts" in both of her prior complaints and used them as the basis to oppose Immutable's Motion to Dismiss the Amended Complaint, and the Court relied on Plaintiff's misrepresentations in deciding said motion. Moreover, did Plaintiff really need to see text messages to suddenly remember that the hotel room story did not happen or that she actually did not sit next to her supervisor on a plane ride? It is beyond the pale for her to suggest that is the case.

Leave to amend is properly denied with evidence of "undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *See MacGregor v. Milost Global, Inc.*, No. 1:17-cv-06691 (LTS)(KHP), 2019 U.S. Dist. LEXIS 68009, at *11 (S.D.N.Y. Apr. 19, 2019) (internal citations omitted). As the Court in *CVR Energy, Inc. v. Wachtell, Lipton, Rosen and Katz*, No. 14-cv-6566 (RJS), 2019 U.S. Dist. LEXIS 228774, at 15 (S.D.N.Y. 2019) quoted in denying plaintiff's motion to amend the complaint:

> As Judge Lynch famously observed when he was on the district court, "pleading is not a game of skill in which one misstep may be decisive to the outcome, [but] neither is it an interactive game in which plaintiffs file a complaint, and then bat it back and forth with the Court over a rhetorical net until a viable complaint emerges." *In re Refco Capital Mkts., Ltd. Brokerage Customer Sec. Litig.*, No. 06-cv-643 (GEL), 2008 U.S. Dist. LEXIS 97016, 2008 WL 4962985, at *2 (S.D.N.Y. Nov. 20, 2008) (citations omitted), *aff'd sub nom. Capital Mgmt. Select Fund Ltd. v. Bennett*, 680 F.3d 214 (2d Cir. 2012). Put simply, the Court will not indulge Plaintiff's attempts at piecemeal pleading, whereby Plaintiff hopes to eventually cobble together an adequate complaint under the Court's guidance while inflicting significant prejudice on Defendants. [f.n. omitted]

Yet that is precisely what Plaintiff is seeking to do here. Plaintiff's proposed TAC and Motion strike out on all four of these points. Rule 15(a) is not a vehicle for a Plaintiff to amend to provide the "utmost accuracy" or provide additional context following the filing of an Answer that disproves several of Plaintiff's inaccurate "factual" allegations and Plaintiff cites to no case supporting that those are even legally viable arguments. Afterall, Federal Rule of Civil Procedure 11(b) requires that the pleading be filed with "utmost accuracy." Likewise, Rule 8 governed the

SAC, and it was not subject to a motion to dismiss so Plaintiff has no basis for asking the Court to allow her to amend now to "provide additional context" especially when the "additional" is actually the "removal" of allegations and neither adds nor removes any causes of action. Accordingly, there is no legal basis supporting Plaintiff's Motion and it should be denied.

1.  **Plaintiff's Motion To Amend and Remove False Allegations is Not a Basis to Amend Under Rule 15(a). Rather, it is Bad Faith.**

Even if the Court finds an adequate underpinning to Plaintiff's Motion, it should be denied. First, Plaintiff delayed requesting this amendment until discovery was underway in the case, constituting both undue delay and prejudice to Immutable. If Plaintiff and her counsel reviewed her text messages before filing her first and second complaints as she should have, those scurrilous allegations would not have been in those complaints or sent to media sources for publication. Further, if it was only upon reading Immutable's Answer to the SAC that Plaintiff realized the SAC was not accurate, why not request this amendment right away? It would still fail, but there was no reason to delay. Instead, Plaintiff sought the assistance of her friend's recollection and waited five weeks to seek to amend the previously amended complaint; after the Parties agreed on a discovery plan tied to the SAC and discovery commenced with Court-ordered deadlines for same.[4] Even then, Plaintiff would not simply agree to file a verified complaint.

Next, Plaintiff is not seeking to "provide clarification and context" through the proposed TAC as she disingenuously claims. (ECF 65, pp. 2-3).[5] Rather, Plaintiff is attempting to remove

---

[4] The fact that Plaintiff's text messages with Ms. Griewski prove she did not seek to put together the purported timeline of events until after Immutable filed its Answer seventeen months into this case, is unacceptable.

[5] The Court should take notice of Plaintiff's Opposition to Immutable's Motion to Dismiss and Strike her Amended Complaint where she claimed: "*[t]o avoid Anderson's sexual overtures, Mazzuchelli repeatedly told Anderson to return the clothes the following day, but Anderson refused. Id. ¶ 34. Once Anderson entered Mazzuchelli's hotel room, Anderson took off the borrowed clothes, completely undressed in front of Mazzuchelli and sat on Mazzuchelli's bed in nothing but a bra and underwear, clearly expecting the two would have sex. Id. ¶ 35. Mazzuchelli was scared— after all, it was only her first week of work and her direct manager was completely undressed on her bed. Mazzuchelli was fearful of retaliation and wanted to avoid a conflict with her direct manager, so she excused herself to the bathroom where she called a friend to come to her hotel room. Id. ¶ 36.*" (ECF 46, pp. 2-3). The allegations contained

or change material allegations that she and her counsel represented were true in two previous complaints and in Plaintiff's Opposition to Immutable's Motion to Dismiss and Strike. Namely, as proven by Plaintiff's own text messages, none of the purported sexual harassment or grooming behaviors Plaintiff claims occurred in her hotel room on September 30, 2022 actually occurred or could have occurred that evening as the contemporaneous text messages disprove that the supervisor was in Plaintiff's hotel room that evening. (ECF 61, ¶¶ 27, 38). Further, the text messages prove that the two were not near one another during the travel to Los Angeles on October 3, 2022, and thus the purported harassing conversation as alleged by Plaintiff could not have occurred. (ECF 61, ¶ 49). Is it even plausible that it took an answer to her Complaint for Plaintiff to suddenly remember these encounters never happened? Answer, "no."

Courts in this Circuit are clear that such material changes to facts and theories that contradict or conflict with the original pleading demonstrate bad faith sufficient to deny a motion to replead. *MacGregor*, 2019 U.S. Dist. LEXIS 68009 at *16-17; *Kant v. Columbia Univ.*, No. 08 Civ. 7476 (PGG), 2010 U.S. Dist. LEXIS 21900, at *16-17 (S.D.N.Y. Mar. 9, 2010) ("[a]fter comparing Plaintiff's factual account in the SAC with the allegations set forth in his proposed third amended complaint, the Court agrees that the two accounts cannot be reconciled."). In *Kant*, the Court held:

> Kant's unexplained new recollection concerning this critical aspect of his alleged oral agreement with Columbia officials -- first asserted ten months after his original complaint was filed and after Defendant had moved to dismiss under the statute of frauds -- strongly suggests bad faith. Courts are free to consider direct contradictions between earlier pleadings and a proposed amended pleading in determining whether to grant leave to amend, particularly when the proposed amendments concern facts clearly within the plaintiff's knowledge when previous complaints were filed.

---

in the proposed TAC are materially different from those asserted in the Amended Complaint and in Plaintiff's Opposition to Immutable's Motion to Dismiss and Strike.

*Id.* at 20.

That ruling is in accord with established precedent. *See Bymoen v. Herzog, Heine, Geduld, Inc.*, No. 88 Civ. 1796 (KMW), 1991 WL 95387, at *1 (S.D.N.Y. May 28, 1991) (holding that "where it appears that a plaintiff's purpose in asserting a new claim is his or her anticipation of an adverse ruling on the original claims, the court will deny leave to amend"); *see also Wallace v. N.Y.C. Dep't of Corr.*, No. 95 Civ. 4404 (SJ), 1996 WL 586797, at *2 (E.D.N.Y. Oct. 9, 1996) (where a plaintiff "blatantly changes his statement of the facts in order to respond to the defendants' motion to dismiss," and "directly contradicts the facts set forth in his original complaint [in his amended complaint]," the "court accepts the facts as described in the original complaint as true and concludes that the plaintiff has failed to meet" the legal requirements necessary "to establish the liability of supervisory officials.").

Finally, in *MacGregor*, 2019 U.S. Dist. LEXIS 68009 the Court held:

Bad faith may be revealed through the procedural history of the case, as well as material changes to facts and theories pled if the new facts and theories were known to the plaintiff at the outset of the case…

It is well established that a court may consider direct contradictions between earlier pleadings and a proposed amended pleading in determining whether to grant leave to amend, particularly when the proposed amendments concern facts clearly within the plaintiff's knowledge when previous complaints were filed.

*Id.* at 12, 16.

Here, Plaintiff's bad faith is particularly egregious because the relevant text messages should have been available to Plaintiff and her counsel before she filed her original complaint in September 2023, and both have an obligation to conduct a diligent inquiry into "facts" before they are asserted in a pleading before this Court. Moreover, one does not need text messages to remember that certain events described in great detail never happened at all. Thus, Plaintiff's Motion should be denied.

2. __Plaintiff's Proposed Third Amended Complaint is Futile.__

Plaintiff's proposed amendments are futile and do not cure the deficiencies noted by the Court in its Decision. "[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *See Kant*, 2010 U.S. Dist. LEXIS 21900 at *11 (internal citations omitted); *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) ("[t]he problem with [plaintiff's] causes of action is substantive; better pleading will not cure it…Such a futile request to replead should be denied."). The abridged allegations in the TAC walk away from the allegedly harassing conduct that this Court already found insufficient to withstand dismissal that Plaintiff originally but no longer claims occurred in her hotel room in California on September 30, 2022.

In its prior Decision, the Court made the following findings pertinent to the futility of the proposed Third Amended Complaint:

- In light of such standards, the Court finds that, as currently written, the Complaint does not plausibly allege a claim for sexual harassment under the FEHA…Where Plaintiff's complaint falls short is the third prong; she is unable to demonstrate that the conduct was sufficiently severe so as to create an abusive or hostile working environment…Moreover, the instances of harassment that occurred in California were limited to two instances across two days: on September 29, 2022, and September 30, 2022.

- Plaintiff's NYSHRL sexual harassment claim fails as it does not satisfy the NYSHRL's territoriality requirement. Based on the allegations of the Complaint, the instances of sexual harassment occurred in California (*see* Am. Compl. ¶¶ 26, 32), on a flight to Los Angeles (*see* Am. Compl. ¶ 42), and in Australia (*see* Am. Compl. ¶ 45), not New York.

- It might be that Plaintiff can amend her complaint so as to demonstrate that Anderson's conduct could be qualified as severe enough for the purposes of the Title VII sexual harassment analysis, but as currently written, the Complaint does not plausibly allege a Title VII sexual harassment claim. Accordingly, the Court grants Defendant Immutable's motion to dismiss such claim without prejudice.

(ECF 52, pp. 12-13, 16-17).

Per the Court's Decision, Plaintiff filed an amended complaint in an attempt to bolster her sexual harassment claims to which Immutable answered. Now, Plaintiff is removing two of the

major underpinnings of her sexual harassment claims which renders the TAC futile based on the Court's prior Decision and the allegations that would be left if the amendment is granted. Because Plaintiff cannot demonstrate that these condensed claims would survive dismissal, the Court should deny Plaintiff's motion to amend. *Yaba v. Cadwalader, Wickersham & Taft*, 931 F. Supp. 271, 274 (S.D.N.Y 1996) (denying leave to amend because plaintiff's new claims were futile); *CVR Energy, Inc.*, 2019 U.S. Dist. LEXIS 228774 at *15-16 ("the Court will not indulge Plaintiff's attempts at piecemeal pleading, whereby Plaintiff hopes to eventually cobble together an adequate complaint under the Court's guidance while inflicting significant prejudice on Defendants."), *aff'd,* 830 F. App'x 330 (2d Cir. 2020).

### 3.    Immutable Will Be Prejudiced if the Motion is Granted.

It is both unreasonable and inefficient for Immutable to continue responding to Plaintiff's successive replacement pleadings because Plaintiff misrepresented facts to the Court in her original and amended pleadings as well as in her Opposition to Immutable's Motion to Dismiss and Strike. Plaintiff commenced this matter eighteen months ago and has been afforded ample time and opportunities to amend. In addition to the fact that Plaintiff has messages with her former supervisor that contradict her pleadings, she waited an additional five weeks to further seek to amend, including until after: Immutable served its discovery requests based on the SAC; the parties conferred about the case management plan; and Plaintiff objected to Immutable's notice of intent to serve a non-party subpoena on Ms. Griewski, who allegedly witnessed the events in Plaintiff's hotel room and Plaintiff recently asked to help recreate a timeline. Further, Plaintiff's counsel refused to have Plaintiff verify her latest proposed pleading. Plaintiff has not provided a legitimate reason for her continued misrepresentations to the Court and delay in seeking another amendment. *See MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.,* 157 F.3d 956, 962 (2d Cir. 1998) ("the district court plainly has discretion to deny leave to amend where the motion is made after an inordinate

delay, no satisfactory explanation is made for the delay, and the amendment would prejudice the defendant." (internal quotation marks and citation omitted)). As such, the Motion should be denied.

**4.    If the Court Is Inclined To Give Plaintiff Another Opportunity to Amend, It Should Dismiss Plaintiff's FEHA Claim As Well As Her NYSHRL and Title VII Sexual Harassment Claims, With Prejudice, Without Immutable Having to Bear the Time and Expense of Another Motion to Dismiss.**

To the extent the Court allows Plaintiff another opportunity to amend, it should dismiss Plaintiff's FEHA claim and her NYSHRL and Title VII sexual harassment claims now, with prejudice, without Immutable having to bear the time and expense of a motion.

Courts have granted motions to dismiss with prejudice after the plaintiff was afforded an opportunity to replead but failed to adequately do so. *Collier v. Boymelgreen Devs.,* No. 06 CV 5425 (SJ), 2008 WL 835706, at *7 (E.D.N.Y. Mar. 28, 2008) (granting motion to dismiss retaliation claims contained in amended complaint, with prejudice); *Obah v. Adapt*, No. 24-CV-5014 (JMF), 2024 U.S. Dist. LEXIS 156521 (Aug. 30, 2024) (dismissing amended complaint *sua sponte* in light of Court's Memorandum and Opinion in original dismissal of complaint); *Blaney v. Town of Oyster Bay*, No. 24-CV-01134 (HG)(ARL), 2025 U.S. Dist. LEXIS 87409 (E.D.N.Y. May 7, 2025) (dismissing amended complaint with prejudice filed by *pro se* plaintiff after the plaintiff received additional leave to amend, determining another opportunity to amend would be futile); *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988) (noting Court has power to dismiss a "prolix complaint without leave to amend in extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible…."). Here, Plaintiff has been given not one but *two* opportunities to replead, and based on her proposed TAC, has condensed the allegations relating to the conduct she claims supports her sexual harassment claim so that they are now significantly lessened as compared to the allegations this Court already found insufficient when deciding Defendant Immutable's Motion

to Dismiss the Amended Complaint. As such, and given the conduct engaged in by Plaintiff and her counsel as described herein, Immutable should not have to bear the expense, and the Court should not have to decide, yet another motion to dismiss the now materially condensed claims.

As such, if the Court is inclined to grant Plaintiff's Motion, Immutable requests that it dismiss Plaintiff's FEHA claim and NYSHRL and Title VII sexual harassment claims, with prejudice.

## **CONCLUSION**

For these reasons, Immutable respectfully requests that Plaintiff be denied the opportunity to amend her complaint for a third time.

Dated: June 2, 2025
      New York, New York

LITTLER MENDELSON, P.C.

By:*/s/William Anthony*
    William J. Anthony
    wanthony@littler.com
    Rebecca Goldstein
    rgoldstein@littler.com
    Emily Gaines
    egaines@littler.com
    900 Third Avenue
    New York, NY  10022.3298
    Telephone:  212.583.9600
    Facsimile:  212.832.2719

Attorneys for Defendant
IMMUTABLE PTY. LTD.